Jason F. Lather
Nevada Bar No. 12607
LATHER LAW
4484 S. Pecos Rd., Suite 171
Las Vegas, NV 89121
Ph:  (702) 979-3500
Fax: (702) 935-0071
jason@latherlaw.com
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FRANZ WAKEFIELD, individually,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ARIA RESORT & CASINO, LLC, a Nevada limited liability company; ARIA RESORT & CASINO HOLDINGS, LLC, a Nevada limited liability company; MGM RESORTS INTERNATIONAL, a foreign corporation; DOES 1 through 20 and ROE legal entities I through XX, inclusive,<br><br>　　　　Defendants. | Case No.:  2:25-cv-01761<br><br>**COMPLAINT**<br><br>**JURY DEMAND** |

COMES NOW Plaintiff, FRANZ WAKEFIELD, individually, by and through his attorney of record, Jason F. Lather, Esq., of Lather Law, and bring the following Complaint against the Defendants:

### I.  INTRODUCTION

1. This is a civil action arising from the Defendants' failure to honor a substantial payout lawfully won by Plaintiff while gambling at the Aria Resort & Casino in Las Vegas, Nevada.

1

2. Plaintiff surrendered his winning casino chips to the Aria based on Defendants' express promise to remit payment by check. Defendants never delivered the promised funds, later disclaimed any record of the transaction, and thereby unlawfully retained Plaintiff's property.

3. Plaintiff brings this action under Nevada common law for breach of contract, conversion, unjust enrichment, and misrepresentation. Plaintiff does not seek to enforce a void gaming debt but instead seeks redress for Defendants' independent wrongful acts after the wager was won and the chips were surrendered.

## II.  PARTIES, JURISDICTION, AND VENUE

4. Plaintiff FRANZ WAKEFIELD is, and at all times mentioned herein, was, a resident of the State of Florida.

5. Defendant ARIA RESORT & CASINO, LLC is a domestic limited liability company and, at all times relevant to this Complaint, operated in County of Clark, Nevada.

6. Defendant ARIA RESORT & CASINO HOLDINGS, LLC is a domestic limited liability company and, at all times relevant to this Complaint, operated in County of Clark, Nevada.

7. Defendant MGM RESORTS INTERNATIONAL is a foreign corporation and, at all times relevant to this Complaint, operated in County of Clark, Nevada.

8. Upon information and belief, at all times relevant to this Complaint, Defendants ARIA RESORT & CASINO, LLC; ARIA RESORT & CASINO

HOLDINGS, LLC; and MGM RESORTS INTERNATIONAL owned and/or operated the Aria Resort and Casino.

9. DOES 1 through 20 and ROE legal entities I through XX are individuals or business entities whose true identity are unknown to Plaintiff but who bear responsibility either directly or through principles of agency such as but not limited to respondeat superior. Plaintiff reserves the right to amend the Complaint accordingly if their true identity becomes known.

10. Plaintiff alleges damages in excess of $75,000, and there is complete diversity of the parties; thus jurisdiction is proper with the United States District Court.

11. Venue is proper in District of Nevada as the incidents described herein occurred in Clark County, Nevada, and the majority of witnesses to those incidents, were/are residents of Clark County, Nevada.

### III. ALLEGATIONS COMMON TO ALL CLAIMS

12. From approximately September 23, 2023, to October 1, 2023, Plaintiff was a hotel guest at the Aria Resort and Casino ("Aria").

13. While staying at the Aria, Plaintiff gambled several times at the Aria's casino, including roulette tables and slot machines.

14. While gambling at the Aria, Plaintiff was able to win a significant amount, which he believes to be over $2 million.

15. When Plaintiff sought to cash out his winnings, Aria casino employees told him that he would have to give his information to the casino cashier, and the casino would later send him a check via certified mail.

16. Plaintiff surrendered his chips to the Aria in exchange for the promise to pay him with a check sent directly to his home address.
17. Plaintiff provided three forms of identification to the casino cashier, including his Florida driver's license, his passport card, and his concealed carry permit.
18. Plaintiff never received any check from Aria for his winnings.
19. When Plaintiff followed up with Aria, Aria's management denied having any record of Plaintiff's wins and refused to pay him.
20. To this date, Plaintiff has never received his winnings from the Aria.

### IV.  FIRST CAUSE OF ACTION: NEGLIGENT TRAINING, HIRING, AND SUPERVISION

21. Plaintiff repeats and realleges all accusations contained in paragraphs 1-20 as though fully contained herein.
22. Each of the Defendants owed a duty of care to individuals who were legally gaming at the Aria.
23. The Defendants' duty of care included the duty to adequately train their employees to process customers' gaming wins.
24. The Defendants' duty of care included the duty to hire employees who would not, intentionally or negligently, deprive customers of their gaming wins.
25. The Defendants' duty of care included the duty to supervise all employees and make sure that they would not, intentionally or negligently, deprive customers of their gaming wins.

26. By failing to ensure that their employees properly processed Plaintiff's gaming win and paid him, Defendants breached their duty of care.

27. Defendants' negligent conduct caused damages to Plaintiff which exceed $75,000.

28. As a direct and proximate result of the Defendants' negligent conduct, Plaintiff has been required to engage the services of an attorney, and is entitled to recover his reasonable attorney fees and costs to bring this action.

### V. SECOND CAUSE OF ACTION: BREACH OF CONTRACT

29. Plaintiff repeats and realleges all accusations contained in paragraphs 1-28 as though fully contained herein.

30. By accepting Plaintiff's winning chips and promising to remit payment by check, Defendants entered into a binding contract to pay Plaintiff the full amount of his winnings, believed to be over $2 million.

31. Defendants breached this contract by failing to issue the promised check and by denying Plaintiff's lawful winnings.

32. As a direct result, Plaintiff suffered damages which exceed $75,000.

33. As a direct and proximate result of the Defendants' breach of contract, Plaintiff has been required to engage the services of an attorney, and is entitled to recover his reasonable attorney fees and costs to bring this action.

///

## VI. THIRD CAUSE OF ACTION: CONVERSION

34. Plaintiff repeats and realleges all accusations contained in paragraphs 1-33 as though fully contained herein.

35. Plaintiff had a right to possession of the funds represented by the surrendered chips.

36. Defendants wrongfully exercised dominion and control over Plaintiff's property by accepting the chips and refusing to return them or pay their value.

37. Plaintiff has been damaged by these acts, in an amount in excess of $75,000.00.

38. As a direct and proximate result of the Defendants' tortious conduct, Plaintiff has been required to engage the services of an attorney, and is entitled to recover his reasonable attorney fees and costs to bring this action.

## VII. FOURTH CAUSE OF ACTION: UNJUST ENRICHMENT

39. Plaintiff repeats and realleges all accusations contained in paragraphs 1-38 as though fully contained herein.

40. Plaintiff conferred a benefit on Defendants by turning over his chips, valued in excess of $2,000,000.

41. Defendants received the use and benefit of that payment, and have been enriched by that use and benefit.

42. The acceptance or retention by Defendants of the aforementioned benefit without just compensation to Plaintiff would be inequitable.

43. Plaintiff has been damaged by these acts, in an amount in excess of $75,000.00.

44. As a direct and proximate result of the Defendants' conversion of his property, Plaintiff has been required to engage the services of an attorney, and is entitled to recover his reasonable attorney fees and costs to bring this action.

### VIII.   FIFTH CAUSE OF ACTION: NEGLIGENT OR FRAUDULENT MISREPRESENTATION

45. Plaintiff repeats and realleges all accusations contained in paragraphs 1-44 as though fully contained herein.

46. Defendants, through their employees and/or agents, falsely represented to Plaintiff that they would pay his winnings by check, sent by certified mail to his home address.

47. Upon and information and belief, Defendants knew or should have known that the representations were false when they were made.

48. Defendants intended for Plaintiff to believe their false representations and to act, or refrain from acting, in reliance upon their misrepresentation.

49. Plaintiff was justified in relying upon the statements of Defendants and did not know that they were false at the time they were made.

50. Plaintiff has been damaged by these misrepresentations, in an amount in excess of $75,000.00.

51. The aforementioned actions of Defendants were willful, wanton, malicious, and oppressive; these actions were undertaken with the intent to defraud

Plaintiff; and therefore Plaintiff is justified in obtaining an award of exemplary or punitive damages.

52. As a direct and proximate result of the Defendants' misrepresentations, Plaintiff has been required to engage the services of an attorney, and is entitled to recover his reasonable attorney fees and costs to bring this action.

## IX.   JURY DEMAND

53. Plaintiff demands a trial by jury on all issues so triable.

## X.   PRAYER FOR RELIEF

Plaintiff therefore prays for the following relief:

1. For compensatory damages in excess of $75,000, according to proof at trial;
2. For punitive and exemplary damages, according to proof at trial;
3. For attorneys' fees, costs, and pre and post judgment interest; and
4. For such other and further relief as the Court may deem just and proper.

DATED this 17th day of September, 2025.

**Lather Law**

*/s/ Jason Lather*

Jason F. Lather, Esq.
Nevada Bar No. 12607
4484 S. Pecos Rd., Suite 171
Las Vegas, NV 89121
*Attorney for Plaintiff*