Scott R. Pettitt, NV Bar # 11682
Andrew W. Hazlett, NV Bar # 17079
**MGM RESORTS INTERNATIONAL**
6770 South Edmond Street
Las Vegas, NV 89118
Telephone: (702) 692- 1937
Fax No.: (702) 669-4501
Emails: spettitt@mgmresorts.com
          ahazlett@mgmresorts.com

*Attorneys for Defendants Aria Resort & Casino, LLC; Aria Resort & Casino Holdings, LLC; and MGM Resorts International*

**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| FRANZ WAKEFIELD,<br><br>    Plaintiff,<br><br>v.<br><br>ARIA RESORT & CASINO, LLC, a Nevada Limited Liability Company; ARIA RESORT & CASINO HOLDINGS, LLC, a Nevada Limited Liability Company; MGM RESORTS INTERNATIONAL, a Delaware Corporation; DOES 1 through 20, inclusive; and ROE LEGAL ENTITIES I through XX, inclusive,<br><br>    Defendants. | Case No.: 2:25-cv-01761-GMN-MDC<br><br>**DEFENDANTS ARIA RESORT & CASINO, LLC; ARIA RESORT & CASINO HOLDINGS, LLC; AND MGM RESORTS INTERNATIONAL'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF FRANZ WAKEFIELD'S COMPLAINT** |

This case arises from Plaintiff Franz Wakefield's allegations that he "lawfully won over $2 million at the Aria Resort & Casino," but after "surrender[ing] his casino chips with the promise that payment would follow," he "received nothing." (Plaintiff's Opposition ("Opp.") at 2.) Plaintiff thus concedes that his claims stem from his alleged entitlement to gambling winnings. Nevertheless, Plaintiff now attempts—without any supporting authority—to frame his grievance as a case of first impression regarding "post-gaming misconduct" outside the NVGCB's exclusive jurisdiction. (*Id.* at 2, 4.)

## I. ARGUMENT

It makes no difference how Plaintiff labels his allegations. His claims all plainly stem from an alleged entitlement to gambling winnings. As such, the dispute falls squarely within the NVGCB's exclusive jurisdiction under NRS 463.632 to 463.366, inclusive, and must be dismissed for lack of subject matter jurisdiction. (*See* Motion to Dismiss ("Motion") at 4–6.) The only case Plaintiff references in support of this novel theory—*Erickson v. Desert Palace, Inc.*, 942 F.2d 694 (9th Cir. 1991)—directly contradicts Plaintiff's arguments by confirming that Nevada law categorizes suits to collect unpaid gambling winnings as gaming debts not evidenced by a credit instrument. (See Opp. at 4.)

Even if this Court had jurisdiction here, which it does not, Plaintiff also fails to state any viable claims. Plaintiff's Opposition does nothing to explain the fundamental flaws in his claims for Negligent Training, Hiring, and Supervision; Breach of Contract; Conversion; Unjust Enrichment; or Negligent or Fraudulent Misrepresentation.

### A. The Court Does Not Have Subject Matter Jurisdiction Ober Plaintiff's Alleged Dispute.

Defendants' Motion sets forth the clear standard concerning the NVGCB's exclusive jurisdiction, and Plaintiff's Opposition does nothing to dispute that authority. Instead, Plaintiff argues that his claims are outside the exclusive jurisdiction of the NVGCB because he "does not seek to enforce a gaming debt to redress distinct post-gaming misconduct." (Opp. at 2.)

Plaintiff first says the NVGCB's jurisdiction "ends after the winnings are confirmed." (*Id.* at 4.) Plaintiff cannot provide a single case in support of this novel theory. The only cited case stands for the proposition that Nevada law categorizes suits to collect unpaid gambling winnings as gaming debts. *See Erickson v. Desert Palace, Inc.*, 942 F.2d 694, 695 (9th Cir. 1991) ("Under Nevada law, an unpaid slot machine jackpot is a gaming debt not evidenced by a credit instrument.") Plaintiff's claims are centered solely upon alleged gambling winnings he claims that he is owed in connection with slot machine and roulette table winnings. (*See* Compl. ¶ 13.) There can be no serious debate—at least not without citation to any authority whatsoever—that the NVGCB is somehow deprived of its exclusive jurisdiction simply because someone alleges

that they were not paid gambling winnings they were supposedly owed. As such, NVGCB has exclusive jurisdiction over this dispute pursuant to NRS 463.632 to 463.366, inclusive. The Court lacks jurisdiction over Plaintiff's claims, and the Complaint must be dismissed in its entirety pursuant to Federal Rules of Civil Procedure 12(b)(1) and/or 12(h)(3).

Plaintiff's allegations that his gaming debt is evidenced by a credit instrument is similarly unpersuasive. Plaintiff's own authority makes clear that unpaid winnings are gaming debts <u>not</u> evidenced by a credit instrument. *See Erickson v. Desert Palace, Inc.*, 942 F.2d 694, 695 (9th Cir. 1991) ("Under Nevada law, an unpaid slot machine jackpot is a gaming debt not evidenced by a credit instrument.") Plaintiff has does nothing to distinguish his allegations from this authority, and Plaintiff cannot do so considering he alleges to have won $2 million at slot machines and roulette. (See Compl. ¶¶ 13–14.)

The Court lacks subject matter jurisdiction. Under NRS 463.361 through 463.366, disputes regarding alleged gaming winnings must be adjudicated through the administrative process of the NVGCB. *See, e.g.*, *Harrah's Club v. Nevada Gaming Control Bd.*, 104 Nev. 762, 766 P.2d 900 (1988); *Zoggolis v. Wynn Las Vegas, LLC*, 768 F.3d 919, 921 (9th Cir. 2014); *Devon v. Unbelievable, Inc.*, 820 F. Supp. 528, 529 (D. Nev. 1993); *Erickson v. Desert Palace, Inc.*, 942 F.2d 694, 697 (9th Cir. 1991). Plaintiff did not submit a complaint to the NVGCB and is not seeking judicial review of a final decision under NRS 463.3668; therefore, the Court lacks jurisdiction over all of Plaintiff's claims.

**B.   Plaintiff Fails to State any Legally Cognizable Claims.**

Even assuming jurisdiction, Plaintiff's Complaint fails to state any legally cognizable claims. Vague fraud references cannot deprive the NVGCB of exclusive jurisdiction. A plaintiff cannot "avoid the administrative process simply by alleging fraud in a patent attempt to force a casino to turn over alleged winnings" owed by the casino. *Erickson*, 942 F.2d at 697; *see also Devon v. Unbelievable, Inc.*, 820 F. Supp. 528, 529 (D. Nev. 1993); *Mattes v. Ballys Las Vegas*, 227 F. App'x 567, 572 (9th Cir. 2007). In any event, Plaintiff's allegations fall short of the standard pleading requirements under Rule 12(b)(6) and certainly fail to meet the heightened particularity requirements of Rule 9(b). Fed. R. Civ. P. 9(b).

Plaintiff's Opposition does nothing to explain why the Negligent Training, Hiring, and Supervision claim is not merely a complaint about Aria's refusal to pay a gaming debt, and not a failure to train employees, to conduct background checks, to supervise employees' work, to terminate an employee, and so on. *See Freeman*, 520 P.3d at 812. Here too, Plaintiff cites no authority in defense of his failure to state a claim.

Plaintiff's defense of his Breach of Contract allegations make no reference to the fact the specific contract alleged is made expressly void and unenforceable by NRS 463.361. Instead, Plaintiff cites the elements of a breach of contract claim and asserts—without any authority—that his claims are somehow not covered by the statute.

Plaintiff's defense of his Conversion claim is that it isn't covered by the NVGCB's exclusive jurisdiction. And Plaintiff does nothing to explain how he could have had a "right to possession of the funds represented by the surrendered chips" (Compl. ¶ 35) despite the fact NRS 463.361 states "gaming debts that are not evidenced by a credit instrument are void and unenforceable," and claims must be "resolved in accordance with NRS 463.362 to 463.366." Plaintiff's defense of his unjust enrichment claim makes clear that it is actually a request for equitable relief as an alternative form of damages for his breach of contract claim which is premised on an unenforceable and void contract.

Finally, Plaintiff's defense of his Fraudulent Misrepresentation claim is that "[t]he Complaint pleads the who, what, when, and how with sufficient specific to satisfy Rule 9(b)" without articulating, clarifying, or actually alleging the who, what, when, or how. (*See* Opp. at 10.)

## II.  CONCLUSION

Defendants request that the Court dismiss the Complaint in its entirety.

DATED: December 1, 2025                                **MGM RESORTS INTERNATIONAL**

/s/ *Andrew W. Hazlett*
Scott R. Pettitt, NV Bar # 11682
Andrew W. Hazlett, NV Bar # 17079
*Attorneys for Defendants Aria Resort & Casino, LLC; Aria Resort & Casino Holdings, LLC; and MGM Resorts International*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 1, 2025, the foregoing **DEFENDANTS ARIA RESORT & CASINO, LLC; ARIA RESORT & CASINO HOLDINGS, LLC; AND MGM RESORTS INTERNATIONAL'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF FRANZ WAKEFIELD'S COMPLAINT** was filed using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

**MGM RESORTS INTERNATIONAL**

/s/ *Emma Forte*
Employee of MGM Resorts International
6770 South Edmond Street, Third Floor
Las Vegas, NV 89118
Telephone: (702) 692-1937
Fax No.: (702) 669-4501